EASTERN DIST.
January, 1840.

PIPKIN *vs.* DOIRON.

PIPKIN
*vs.*
DOIRON.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

> The property of a succession, which descends to, and is inherited by the minor children, cannot be adjudicated to the surviving widow and mother, for *less than its appraised value.*

The plaintiff, Adéle Pipkin, in her own right, and as heir of her deceased brother, claims a tract of four arpents of land with the usual depth, which she alleges was the separate property of her father, at his death, in 1819 ; that her and her late brother, Philip P. Pipkin, were the sole issue of the marriage between her father and Armede Villiers, and inherited all his separate property.

She further shows, that, shortly after the death of her father, there was a probate sale of his estate at which the surviving widow became the purchaser of the tract of land in question, at less than the appraised value ; and that the judgment ordering the sale, and the sale itself, are illegal, null and void. She also alleges and shows, that her brother died in 1833, without descendants, and that she inherits three-fourths of his estate, and her mother one-fourth. She, therefore, prays that the defendant in possession be adjudged to deliver up to her the contested premises, and that her title thereto be declared valid, and that she be quieted in the possession and have judgment for damages and rents, for the illegal detention of the same.

The defendant derived title immediately from the heirs of Laurent Villiers, who purchased from Armede Villiers, (widow Pipkin,) whose title rests on the validity of the probate sale of the estate of Thomas Pipkin, deceased. The defendant called in all his vendors in warranty. Upon the titles and evidence adduced, the judge presiding gave judgment for the plaintiff, decreeing her three and one-tenth arpents of the tract of land, and ordering her to pay seven hundred and seventy-five dollars, the value of the improve-

ments, from which is to be deducted the rents from the time of bringing suit, until the plaintiff is put in possession, at the rate of forty-two dollars per annum; the defendant, Doiron, to have a privilege on the property for his improvements, and to pay costs; and that the defendant recover the sum of eight hundred and fifty-six dollars, and rents which he has to allow and pay, from his warrantors, the heirs of Laurent Villiers, who have a like judgment over against Madame Armede Villiers. The last warrantor appealed.

*Burke* and *Taylor*, for the appellants.

*Labauve,* for the defendant, Doiron, who, in his answer to the petition of appeal, avers that the judgment is erroneous and should be reversed; that the first sale in question was made by order or in pursuance of a judgment of the Probate Court, of competent jurisdiction, and was sold to pay the debts of the succession, and is valid in law.

*Edwards,* for the plaintiff and appellee.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff in this case, as heiress of her father and brother, asserts title to a tract of land in possession of the defendant. It is shown that the father of the plaintiff, previously to his marriage with her mother, was owner of the land in controversy; that he died, leaving two children, to wit, the plaintiff and a son, who afterwards died without descendants, and that the plaintiff and her mother inherited from him, the former for three-fourths, and the latter for one. She, therefore, shows title in herself to one-half, and three-fourths of the other half of the tract of land.

The defendant claims through the widow, in virtue of a probate sale; and the sole question is, whether that sale divested the title of the plaintiff and her brother, who were minors at the time. Various nullities are alleged, both in relation to the steps which preceded the judgment of the Court of Probates ordering the sale, and in relation to the

EASTERN DIST. capacity of the widow, who was, at the same time, tutrix of
*January,* 1840. her minor children, to purchase. We think it unnecessary

PIPKIN
*vs.*
DOIRON.

The property
of a succession,
which descends
to, and is inhe-
rited by the mi-
nor · children,
cannot be adju-
dicated to the
surviving widow
and mother, for
*less than its ap-*
*praised value.*

to go beyond the sale, which was clearly null, because the
property did not bring its appraised value. The land was
estimated at fifteen hundred dollars, and was purchased at
five hundred dollars. Admitting that the judgment ordering
the sale was correct, or that it cannot now be questioned, yet
it is obvious that the judgment did not authorize the sale for
a less price than the appraised value. The wrong was
committed in executing the judgment, and not in the judg-
ment itself. The doctrine in the case of Lalanne's Heirs *vs.*
Moreau, (13 Louisiana Reports, 43,) that the decision of the
Court of Probates ordering the sale is to be taken as conclu-
sive, and cannot be impeached collaterally, does not, there-
fore, apply to the case now before us.

We find no difficulty in concurring with the District Court
upon the question of title ; but the defendant complains of
the judgment rendered in his favor against his warrantor,
and contends that he was entitled to recover a larger sum,
having proved the property to be worth, at the time of the
trial, two thousand dollars. It is true, some of the witnesses
state, that the whole of the tract of land, in its improved
state, is worth two thousand dollars, but the defendant reco-
vered by the same judgment from the plaintiff the full
value of the improvements. The evidence on this subject
is not so positive as to authorize us to disturb the judgment
rendered below, believing that substantial justice has been
done between all the parties.

It is, therefore, adjudged and decreed, that the judgment
of the District Court be affirmed, with costs.